UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CURIE T. RICHARDS,<br><br>                Plaintiff<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                Defendant.<br>_____/ | Civil Action No.: 17-12045<br>Honorable Victoria A. Roberts<br>Magistrate Judge Elizabeth A. Stafford |

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 24, 25]

Plaintiff Curie T. Richards appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence and thus **RECOMMENDS** that:

- Richards's motion [ECF No. 25] be **DENIED**;

- the Commissioner's motion [ECF No. 24] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** pursuant to sentence four and sentence six of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Richards's Background and Disability Applications

Born April 18, 1967, Richards was 46 years old on the alleged disability onset date of January 1, 2014. [ECF No. 15-2, Tr. 15]. He has past relevant work as a general laborer, a housekeeper, and a short order/prep cook. [*Id.*, Tr. 22]. Richards claims disability due to bilateral carpel tunnel syndrome. [ECF No. 15-3, Tr. 69].

After a hearing on January 14, 2016, during which Richards and a vocational expert (VE) testified, the ALJ found that Richards was not disabled. [ECF No. 15-2, Tr. 15-68]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-6]. Richards timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§404.1520(a)(4); 416.920(a)(4).[1] Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  §§ 1520(c); 920(c).

3

the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Richards was not disabled. At the first step, he found that Richards had not engaged in substantial gainful activity during the relevant period, the alleged onset date of January 1, 2014, through the date of the decision. [ECF No. 15-2, Tr. 24]. At the second step, he found that Richards had the severe impairment bilateral carpal tunnel syndrome. [*Id.*, Tr. 18]. He determined that Richards's recurrent folliculitis, gastroesophageal reflux disease (GERD) and alcohol abuse were not severe impairments. [*Id.*]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*].

Between the third and fourth steps, the ALJ found that Richards had the RFC to perform light work,[3] except that:

> [he] can lift up to 20 pounds occasionally and up to 10 pounds frequently. [He] can stand/walk for about 6 hours in an 8-hiour workday, with normal breaks. [He] can never climb ladders, ropes or scaffolds. He can frequently perform handling and fingering bilaterally. [He] must avoid all exposure to excessive vibration and unprotected heights. [He] must avoid even

---

[3] The regulations define light work as lifting up to 20 pounds, with frequent lifting or carrying of objects weighing up to 10 pounds. Light work requires standing up to six hours of an eight-hour workday. Social Security Ruling (SSR) 83-10, 1983 WL 31251 (1983).
.

4

moderate use of hazardous, moving machinery.

[*Id.*].  At step four, the ALJ found that Richards was capable of performing his past relevant work as a short order cook, as generally performed.  [*Id.*, Tr. 22].  Alternatively, after considering Richards's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were other jobs that existed in significant numbers that Richards could also perform, including positions as an information clerk, general office clerk, and inspector, and thereby finding that he was not disabled. [*Id.*, Tr. 23-24].

## II.   ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Richards, who is proceeding pro se, asserts the ALJ erred because substantial evidence supports his claim that he is permanently disabled by his bilateral carpel tunnel syndrome. [ECF No. 25]. As support, Richards includes a November 2017 report, signed by Abdelmajid Jondy, M.D., detailing restrictions on the use of his hands. [ECF No. 25, PageID 495]. He also provides records from an October 2017 surgery on his left hand and treatment for an infection arising from that surgery. [*Id.*, PageID 500-12]. The Commissioner opposes the motion, asserting that the ALJ's conclusions are supported by substantial evidence. [ECF No. 24]. As Richards is proceeding pro se, the Court will limit its consideration to those matters arguably presented by his motion and a consideration of the administrative record for any obvious errors in the ALJ's conclusions. *See Brinkley v. Comm'r of Soc. Sec.*, No. 14-13560, 2015 WL 1637598, at *2-3 (E.D. Mich. Apr. 13, 2015) (where Plaintiff is pro se, the Court may "review[ ] the administrative record for obvious errors in order to affirm the Commissioner's conclusions ...." (internal citations and quotations omitted)).

6

## A.

Richards complained of hand numbness in early 2014. An EMG revealed bilateral nerve impingement due to carpal tunnel syndrome. [ECF No. 15-7, Tr. 285]. Dr. Jondy performed carpal tunnel release surgery on Richards's right hand in May 2014. [ECF No. 15-7, Tr. 286]. Post-surgical follow-ups with Dr. Jondy reflected Richards's satisfaction with the procedure. [*Id.*, Tr. 328]. Although initially reporting no hand pain to his primary care physician, Richards complained in August 2014 of right wrist pain. Richards's primary care physician referred him to a neurologist and to physical therapy. [*Id.*, Tr. 383-385].

Beginning in November 2014, Richards saw neurologist Naei Tarakji, M.D., complaining of hand pain and numbness, and that the release surgery had not provided relief. [*Id.*, Tr. 364]. Dr. Tarakji performed a trigger point injection then, and approximately every three months thereafter. [*Id.,* Tr. 361-64, 396]. Dr. Tarakji prescribed medication and a brace, commenting that no release surgery was necessary and recommending continued conservative treatment. [*Id.*] Richards did not complain of hand or wrist pain in visits to his primary care physician during this period. [ECF No. 15-7, Tr. 373-377, 380-382].

Richards had a consultative physical examination with Asit K. Ray, M.D. at the request of the Agency in September 2014. He complained of numbness in both hands, but examination of his elbows and wrists revealed no abnormal clinical findings. [ECF No. 15-2, Tr. 20-21; ECF No. 15-7, Tr. 338-39]. Richards could make full fists with complete closure in both hands. Dr. Ray observed no evidence of atrophy of the intrinsic muscles of either hand. Richards's grip strength was 45 pounds bilaterally and his pinch grasp was intact. He was able to open a jar using either hand. Phalen's test was negative and the sensory examination was intact in all fingers of both hands. [ECF No. 15-2, Tr. 21; ECF No. 15-7, Tr. 339]. Dr. Ray concluded that Richards could perform his usual and customary occupational duties without restrictions. [ECF No. 15-7, Tr. 340].

Dinesh Tanna, M.D., prepared a physical residual functional capacity assessment on Richards at the request of the Agency. Dr. Tanna determined that Richards could perform work activity at a medium exertional level, avoiding exposure to extreme cold, heat and vibration. [ECF No. 15-2, Tr. 21; ECF No. 15-3, Tr. 74-75].

**B.**

The Court finds that the ALJ sufficiently considered Richards's symptoms and limitations from his bilateral carpal tunnel syndrome. The ALJ recognized Richards's carpal tunnel syndrome as a severe impairment necessitating manipulative restrictions. [ECF No. 15-2, Tr. 21]. Rejecting consulting medical opinions that Richards was capable of unrestricted work activity, the ALJ concluded that the diagnostic testing and clinical findings by specialists supported a finding that Richards could only perform work at the light exertional level. [*Id.*] The ALJ also determined that Richards's reduced grip and hand pain precluded climbing ladders, ropes or scaffolds, as well as exposure to excessive vibration, hazardous moving machinery and unprotected heights. [*Id.*] But the ALJ did not find all of Richards's allegations regarding the limiting effects of his physical impairment to be supported by the record. Citing Richards's initial reports of good results from the release surgery, his treating neurologist's on-going conservative treatment with injections along with the repeated assessment that further surgery was unnecessary, the ALJ found no reasonable indication in the medical evidence or elsewhere in the record to support any additional or more restrictive limitations than he assigned in the RFC. [*Id.*, Tr. 21-22]. Substantial evidence in the record supports the ALJ's RFC. "If the

9

Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations and internal quotation marks omitted).

### C.

Richards submitted a November 2017 opinion from Dr. Jondy, as well as other medical records relating to an October 2017 surgery and treatment for an infection that developed after that surgery. These records were not before the ALJ at the time of his decision and thus cannot be considered for purposes of the substantial evidence review. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir 2001). However, the Court will construe the submission of these records as Richards's request for remand to consider new evidence under sentence six of 42 U.S.C. §405(g).

A remand for consideration of additional evidence is warranted only if the evidence is "new," and "material" and "good cause" is shown for the failure to present the evidence to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). For the purposes of a 42 U.S.C. §405(g) remand, evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding. Such evidence

is material only if there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence. A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for the inclusion in the hearing before the ALJ. *Id.* (citing *Foster*, 279 F.3d at 357). Evidence reflecting an applicant's aggravated or deteriorated condition is not material because it is intrinsically irrelevant to whether he was disabled on or before the alleged date of disability. *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988). If a plaintiff believes he can establish disability after the date of the decision, his remedy is to apply for benefits for the later period. *Id.*

The new records submitted by Richards all relate to treatment he received after the March 29, 2016, administrative decision. Although they meet the "new" requirement, they are not material. A review of these records reveals that they relate to an October 2017 surgery and subsequent infections. Also, nothing in the November 2017 opinion from Dr. Jondy suggests it relates to the period prior to March 29, 2016. Because the newly submitted records relate to Richards's condition after the administrative decision and do not demonstrate disability before the decision, they are not material and do not warrant remand. *See Sizemore*,

865 F.2d at 712; see also *Casey v. Sec'y of Health and Humans Servs.*, 987 F.2d 1230, 1233 (6th Cir 1993).

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Richards's motion [ECF No. 25] be **DENIED**; that the Commissioner's motion [ECF No. 24] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

Dated: June 6, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2018.

                                               s/Marlena Williams
                                               MARLENA WILLIAMS
                                               Case Manager